# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT
# CASE NO. 24-5649

HOLLY LAWSON                                                                    APPELLANT

V.

KAYLA CREELY, LORI FRANKE, MARK KOPP,
FRANKLIN COUNTY BOARD OF EDUCATION                    APPELLEES

On Appeal from the United States District Court
for the Eastern District of Kentucky
(Case No. 3:22-cv-23-GFVT)

_____

Brief of Appellees,
Kayla Creely and Lori Franke
_____

Respectfully submitted by:

ELIZABETH A. DEENER
LANDRUM & SHOUSE LLP
300 W. Vine Street, Suite 1100
Lexington, Kentucky 40507
Telephone: (859) 255-2424
edeener@landrumshouse.com

By:    /s/ Elizabeth A. Deener_____
          Counsel for Appellees

i

## DISCLOSURE OF CORPORATE
## AFFILIATIONS AND FINANCIAL INTEREST

Pursuant to 6th Cir. R. 26.1, Appellee, Kayla Creely and Lori Franke, make the following disclosure:

1.    Are said parties a subsidiary or affiliate of a publicly owned corporation?  If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

No.

2.    Is there a publicly owned corporation, not a party to the appeal that has a financial interest in the outcome?  If yes, list the identity of such corporation and the nature of the financial interest:

No.

  /s/ Elizabeth A. Deener_____                   October 2, 2024__
ATTORNEY                                          Date

4854-6062-2049, v. 1

# **TABLE OF CONTENTS**

DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST ............................................................................................ ii

TABLE OF CONTENTS ............................................................................ iii

TABLE OF AUTHORITIES ........................................................................ v

STATEMENT IN SUPPORT OF ORAL ARGUMENT ......................................ix

STATEMENT OF THE ISSUES.................................................................... 1

STATEMENT OF THE CASE ...................................................................... 1

SUMMARY OF THE ARGUMENT .............................................................. 6

ARGUMENT ........................................................................................... 6

     I.     STANDARD OF REVIEW.................................................................. 6

     II.    THE DISTRICT COURT ERRED IN NOT DISMISSING THE CLAIM UNDER 42 U.S.C. § 1983 AS A MATTER OF LAW ............ 7

         1.  Plaintiff Has Failed to Establish the Elements of a 42 U.S.C. §1983 Claim ............................................................................. 7

            a.  *The District Court erred as Appellees were not acting under color of state law*................................................................. 8

            b.  *Appellees did not violate a federally protected right* .......... 18

         2.  Appellant Carrying the Handgun into Franklin County High School on May 5, 2021 Was the Proximate and Superseding Cause......... 21

     III.   THE DISTRICT COURT WAS CORRECT IN FINDING THE APPELLEES HAD QUALIFIED IMMUNITY FOR THEIR ACTIONS.................................................................................... 26

CONCLUSION...................................................................................... 31

4854-6062-2049, v. 1

CERTIFICATE OF COMPLIANCE ......................................................................33

CERTIFICATE OF SERVICE ..............................................................................34

ADDENDUM/DESIGNATION OF RECORD…………………………………..35

## TABLE OF AUTHORITIES

**Cases**

*Anderson v. Creighton*,
   483 U.S. 635, 640 (1987)……………………………………………..28

*Anderson v. Liberty Lobby, Inc*.,
   477 U.S. 242, 248 (1986)……………….…………………………………7

*Binay v. Bettendorf*, 601 F.3d 640 (6th Cir. 2010)…………………..………..27

*Brown v. Chapman,* 814 F.3d 447 (6th Cir. 2016)…………………..………..27

*Burdeau v. McDowell,* 256 U.S. 465 (1921)………………………….…..……..19, 22

*Cady v. Dombrowski*, 413 U.S. 433 (1973)……………………………...……29

*City of Springfield v. Kibbe*, 480 U.S. 257 (1987)……………………...……25

*Civil Rights Cases (U.S. v. Stanley, et al),* 109 U.S. 3 (1883)………………………9

*Cooper v. California*, 386 U.S. 58 (1967)……………………………...…………29

*Coolidge v. New Hampshire*, 403 U.S. 443 (1971)……………………..…..15, 20

*Daugherty v. Campbell*, 935 F.2d 780 (6th Cir. 1991)……………………...……….31

*Doe v. Claiborne County*, 103 F.3d 495 (6th Cir. 1996)……………………………12

*Garza v. Lansing Sch. Dist.*, 972 F.3d 853 (6th Cir. 2020)……………...………...7

*Gomez v. Toledo,* 446 U.S. 635 (1980)………...........…………………...7, 15, 16, 18

*Grawey v. Drury*, 567 F.3d 302 (6th Cir. 2009)……………..……………………..28

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982)…………………………………….26

*Hearring v. Sliwowski*, 712 F.3d 275 (6th Cir. 2013)…………….…………27-28

*Home Telephone & Telegraph Co. v. Los Angeles*, 227 U. S. 278 (1913)………..14

v

*Hooper v. Sachs,* 618 F.Supp. 963 (D. Md. 1985) …………...………………17

*Howell v. Father Maloney's Boys' Haven, Inc.*, 976 F.3d 750 (6th Cir. 2020)….…..8

*Imbler v. Pachtman*, 424 U.S. 409 (1976) …………...……………………….21

*James v. Hampton*, 592 F. App'x 449 (6th Cir. 2015)……………………..…….30

*Johnson v. Karnes*, 398 F.3d 868 (6th Cir. 2005)…………...……………...7, 18

*Katz v. U.S.*, 389 U.S. 347 (1967)………………………….………………19

*Lindke v. Freed*, 601 U.S. 187 (2024)…………………………...................10-14

*Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982)……………………….11, 13

*Marvaso v. Sanchez*, 971 F.3d 599 (6th Cir. 2020) …………...…………...21, 25

*Messerschmidt v. Millender*, 565 U.S. 535 (2012)…………………...…………26

*Mullenix v. Luna*, 577 U.S. 7 (2015)……………………………………….....26

*O'Brien v. S. Suburban Coll.,* 1994 U.S. Dist. LEXIS 9729
        (N. D. Ill. July 14, 1994) …………….……………………………16, 30

*Pearson v. Callahan*, 555 U.S. 223 (2009)……………………….………..27

*Powers v. Hamilton Cty. Pub. Def. Comm'n,* 501 F.3d 592 (6th Cir. 2007) ….21, 24

*Rannals v. Diamond Jo Casino*, 265 F.3d 442 (6th Cir. 2001)…………...……..6

*Screws v. U.S.,* 325 U.S. 91 (1945)…………………….……...……………...13

*Shelley v. Kraemer,* 334 U.S. 1 (1947)…………………………….…….....9

*Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602 (1989)………………..………29

*Soper v. Hoben*, 195 F.3d 845 (6th Cir. 1999)…………………...……..8, 23

4854-6062-2049, v. 1

*State v. Thetford,* 745 P.2d 496 (Wash. 1987) …………..……………………..17

*Stoudemire v. Mich. Dep't of Corr*., 705 F.3d 560 (6th Cir. 2013)………....………26

*Thomas v. Plummer,* 489 F. App'x 116 (6th Cir. 2012) …………..……………….27

*U.S. v. Black*, 860 F.2d 1080 (6th Cir. 1988)…………………………………..17, 20

*U.S. v. Cleaveland,* 38 F.3d 1092 (9th Cir. 1994) …………..……………………20

*U.S. v. Cova*, 585 F. Supp. 1187 (E.D.Mo. 1984)…………………………………15

*U.S. v. Jacobsen*, 466 U.S. 109 (1984)…………………………15, 16, 19, 20, 21, 25

*U.S. v. Lambert*, 771 F.2d 83 (6th Cir. 1985)…………………………………………15

*U.S. v. Lichtenberger*, 786 F.3d 478 (6th Cir. 2015)…………...………....9, 11, 15

*U.S. v. Meany*, 2024 U.S. Dist. LEXIS 150867 (W.D. Ky. Aug 22, 2024) ………24

*U.S. v. Miller*, 982 F.3d 412 (6th Cir. 2020)…………..………………………16, 20

*U.S. v. Reed,* 15 F.3d 928 (9th Cir. 1994) …………..……………………………20

*U.S. v. Walther*, 652 F.2d 788 (9th Cir. 1981) …………..……………………….20

*Walter v. U.S.*, 447 U.S. 649, 662 (1980)…………………………………..19, 25

*Wausau Underwriters Ins. Co. v. Vulcan Dev., Inc.*, 323 F.3d 396 (6th Cir. 2003)……………………………………………………………………..…7

*Wesley v. Page*, 514 S.W.2d 697 (Ky. 1974) …………..………………………15

*West v. Atkins*, 487 U.S. 42 (1988)……………………………………….11, 17

*Whitlow v. City of Louisville,* 39 F. App'x 297 (6th Cir. 2002) (unpublished) …….24

*Wilson v. Webb,* 2000 U.S. App. LEXIS 23585 (6th Cir. Sep 13, 2000) (unpublished) …………….……………………………………………..12

4854-6062-2049, v. 1

*Zimmerman v. Knight*, 421 F. Supp. 3d 514 (S.D.Oh. 2019)……………..………..28

## Constitutional Amendments

U.S. Const. Amend. IV……………..……………………………………………..28

## Statutes

18 U.S.C. §921……………..…………….……………………………………….1

42 U.S.C. §1983……………..…………………………………………..7, 11, 18

KRS 527.070……………..……………………………………………….....1, 6, 8, 24

## Other

Restatement (Third) of Torts: Phys. & Emot. Harm § 34 (2010)……………….23

4854-6062-2049, v. 1

## <u>STATEMENT IN SUPPORT OF ORAL ARGUMENT</u>

Appellees believe the qualified immunity issue was addressed appropriately by the District Court, but would welcome oral argument before the Court of Appeals to address the substantive Fourth Amendment issues and in this matter.

4854-6062-2049, v. 1

## STATEMENT OF THE ISSUES

The issues on appeal are whether the District Court erred in denying Appellees judgment as a matter of law, and whether the District Court properly granted Appellees qualified immunity.

## STATEMENT OF THE CASE

The Appellant, Holly Lawson, was hired by Co-Appellee Franklin County Board of Education in 2016 as a guidance counselor at Franklin County High School ["FCHS"]. [Depo. Lawson, R. 30-18, page ID #:292] This is a certificated (or "certified") position under the licensing auspices of the Kentucky Education Professional Standards Board ["EPSB"].

Appellee, Lori Franke, was the guidance office secretary (a "classified" non-supervisory position); she began her employment at the school in 2000. [Depo. Franke, R. 30-16 PageID#:258] Appellee, Kayla Creely, was hired as a guidance counselor (a "certified" non-supervisory position) at Franklin County High School beginning the 2019-2020 school year. [Depo. Creely, R. 30-15, PageID#:219]

This civil action arises out of Appellant's voluntary resignation of employment on June 28, 2021 (per agreement with the Commonwealth's Attorney for Franklin County) following her arrest after admitting to felony possession of a handgun in FCHS on May 5, 2021, in violation of KRS 527.070 and 18 U.S.C. §921. [R. 30-2; R. 30-3; Depo. Lawson, R. 40 PageID#:1111]

1

Over May 1-2, 2021, Appellant and her husband attended a weekend-long party in Owensboro, Kentucky; Appellant took her Smith & Wesson M&P handgun. [Depo. Lawson, R. 30-18, PageID#:294-95, 312].    Appellant then placed the handgun, which was loaded with a full magazine, in her Louis Vuitton "Neverfull" tote bag[1]. [Depo. Lawson, R. 30-18, PageID#:298-99, 312-313, 327; May 5 Neverfull photographs, R. 30-11]  This added an additional 5-6 pounds of weight to the bag. [Depo. Lawson, R. 40 PageID#:1026]

Appellant used the Neverfull as a daily tote bag, including on days she worked at FCHS. Appellant testified that she never removed the handgun from the Neverfull after intentionally placing it in the bag on Sunday, May 2, 2021. [Depo. Lawson, R. 40 PageID#:1000, 1026] She admitted at deposition that she carried a loaded, unlocked, handgun into FCHS on May 3, May 4, and May 5, 2021. [Depo. Lawson, R. 40 PageID#:1026-27]

On Monday, May 3, 2021, Appellees observed Appellant in FCHS behaving in an abnormal "manic" state. [Depo. Creely, R. 30-15, PageID#:220] She was also seen taking multiple prescription pills in the guidance offices. *Id*. This behavior continued on Tuesday, May 4, 2021, and Appellant appeared "intoxicated" [Depo. Creely, R. 30-15, PageID#:224-26; Depo. Franke, R. 30-16, PageID#:259, 263]

---

[1] A "Neverfull" tote bag is an open style tote bag that cannot be latched, locked, or even "closed". [*See* May 5 Neverfull photographs, R. 30-11]

After lunch on May 4, around 1:30 pm, Appellant left the guidance suite without her Neverfull tote bag. [Depo. Creely, R. 30-15, PageID#:228] Appellees assumed Appellant had left FCHS, and looked out Creely's office window for Appellant's car. [Depo. Creely, R. 30-15, PageID#:232-34; Depo. Franke, R. 30-16 PageID#:266-67] Not seeing Appellant's car, they moved to the open door of Appellant's office as the windows there offered a different view of the employee parking. *Id*. The door to Appellant's office in the FCHS guidance office suite was unlocked and standing open; Appellant's Neverfull was visible from the door. [Depo. Creely, R. 30-15 page, ID#:233-34; Depo. Franke, R. 30-16, PageID#:267; R. 30-4; R. 30-5]

Several prescription pill bottles were clearly visible in the open Neverfull. [Depo. Creely, R. 30-15, PageID#:237; Depo. Franke, R. 30-16, PageID#:271] After reading the prescriptions, Creely observed what she believed to be the grip of a handgun visible in the tote bag. [Depo. Creely, R. 30-15, PageID#:237-38 Depo. Franke, R. 30-16, PageID#:270-71] Appellees did not touch the suspected handgun, and did not confirm it was actually a firearm. *Id*.

After leaving Appellant's open office, Creely returned to her office to prepare for a scheduled meeting regarding a student with Ashely Reid, the District Social Worker; Franke returned to her workstation. [Depo. Creely, R. 30-15 PageID#:241; Depo. Franke, R. 30-16 PageID#:272-73; Depo. Reid, R. 30-19 PageID#:334].

4854-6062-2049, v. 1

Neither Appellee reported their observations to any superior or member of law enforcement. *Id*. Both Appellees were subsequently disciplined by co-Appellee, Superintendent Kopp, for their failure to report a suspected firearm on school property. [Depo. Creely, R. 30-15 PageID#:251; Depo. Franke, R. 30-16 PageID#:276-77; Depo. Adkins, R. 30-14 PageID#:216-17; R. 30-10; Creely discipline notes, R. 30-6; Franke discipline notes R. 30-7] Also, Appellee Creely was referred to the EPSB for potential state discipline against her license. [Creely discipline notes, R. 30-6; Creely EPSB letter, R. 30-10]

Following the conclusion of their planned meeting topics, Creely and Reid discussed general issues affecting counseling services at FCHS. [Depo. Reid, R. 30-19 PageID#:331-34; Depo. Creely, R. 30-15 PageID#:241]. Creely then mentioned Appellant's recent behavior, the observed prescription pill consumption, and the possible handgun. [Depo. Creely, R. 30-15 PageID#:241; Depo. Reid, R. 30-19 PageID#:334] During this time, Appellant returned to the guidance suite, collected her Neverfull, and went to her assigned dismissal location. [Depo. Lawson, R. 30-18 PageID#:300-03, 323-26; Depo. Reid, R. 30-19, PageID#:338-39; Depo. Creely, R. 30-15 PageID#:248] She left for home after student dismissal, taking her Neverfull – and the loaded Smith & Wesson M&P handgun – with her. [Depo. Lawson, R. 30-18 PageID#:323-24]

Reid texted Marvin Kelly (a Franklin County Sheriff's Deputy assigned as School Resource Officer ["SRO"] to FCHS) to report that a firearm was suspected on school property. [Depo. Reid, R. 30-19 PageID#:337-40; Depo. Kelly, R. 30-17 PageID#:279-85] Kelly forwarded this information to Jeff Abrams, the Safety Coordinator for Franklin County Public Schools and Captain Daniel Wills, Franklin County Sheriff's Department. [Depo. Reid, R. 30-19 PageID#:340-341; Depo. Abrams, R. 30-13 PageID#:210-11; Depo. Kelly, R. 30-17 PageID#:284-86]. Eventually, the information reported by Reid was shared with Superintendent Kopp and the FCHS Principal, Charles Lewis. [Depo. 30(b)(6), R. 30-12 PageID#:173-79, 182-84] Appellees had no knowledge of these developments.

On May 5, 2021, Appellant returned to FCHS, carrying her Neverfull. [Depo. Lawson, R. 30-18 PageID#:305; R. 30-8] She was met inside the lobby by Superintendent Kopp. *Id*. Appellant and Kopp walked to Kelly's office where they were met by Abrams and Kelly. [Depo. Lawson, R. 30-18 PageID#:305; Depo. Abrams, R. 30-13 PageID#:212-14; Depo. 30(b)(6), R. 39-12 PageID:185-86; Depo. Kelly, R. 30-17, PageID#: 286]  Kopp asked Appellant if she had a handgun with her. [Depo. Lawson, R. 30-18 PageID#:305-16; Depo. 30(b)(6), R. 30-12 PageID#:187; Depo. Abram, R. 30-13 PageID#:213-14; Depo. Kelly, R. 30-17 PageID#:286-87; R. 30-9] Appellant looked in her Neverfull and disclosed the handgun. *Id*. Kelly took a photograph of the tote bag as it existed *on May 5, 2021*.

4854-6062-2049, v. 1

[May 5 Neverfull photographs, R. 30-11; May 5, 2021 video, R. 30-8 and 30-9; Depo. Kelly, R. 30-17 PageID#:286-87] Following her voluntary admission of having the handgun on May 5, 2021, she was eventually charged with possession of a firearm on school property. KRS 527.070; 18 U.S.C. §§ 921-922. [Citation, R. 30-3]

The Commonwealth's Attorney agreed not to pursue these felony charges in exchange for Appellant's resignation from Franklin County Schools. [Depo. Lawson, R. 40 PageID#:1111]

<u>**SUMMARY OF THE ARGUMENT**</u>

Respectfully, the District Court erred in not dismissing the matter below as a matter of law on Appellees' Motion for Summary Judgment. [R. 30; R. 30-1] Having declined to dismiss on the merits, the District Court properly dismissed under qualified immunity. [Opinion, R. 95] The Judgment of the District Court to dismiss this civil matter against Appellees Creely and Franke should be affirmed.

<u>**ARGUMENT**</u>

## I.    STANDARD OF REVIEW

A district court's order granting summary judgment is reviewed *de novo*. *Rannals v. Diamond Jo Casino*, 265 F.3d 442, 447 (6th Cir. 2001), *cert. denied*, 534 U.S. 1132, 151 L. Ed. 2d 976, 122 S. Ct. 1074 (2002). A grant of summary judgment is affirmed "if the pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute over a material fact cannot be "genuine" unless a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).

Summary judgment may be affirmed on any grounds supported by the record, even if the District Court relied upon different grounds. *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 877 (6th Cir. 2020); *Wausau Underwriters Ins. Co. v. Vulcan Dev., Inc.*, 323 F.3d 396, 403-04 (6th Cir. 2003).

## II.    THE DISTRICT COURT ERRED IN NOT DISMISSING THE CLAIM UNDER 42 U.S.C. § 1983 AS A MATTER OF LAW

This issue is preserved in the Summary Judgment pleadings at R. 30, R. 30-1, R. 53, and R. 54, as well as oral arguments at the Pretrial Conference on January 2, 2024. [R. 86]

### 1.    Plaintiff Has Failed to Establish the Elements of a 42 U.S.C. §1983 Claim

To succeed on a claim under 42 U.S.C. § 1983 Appellant must establish (1) that a person acting "under color of state law" and (2) deprived her of a federal right protected by the United States Constitution. *Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005); *Gomez v. Toledo,* 446 U.S. 635, 640 (1980). "The second element requires the Appellant to prove not only a deprivation of federal right, but also that

7

the defendant's conduct was a cause in fact of the alleged deprivation." *Soper v. Hoben*, 195 F.3d 845, 852 n8 (6th Cir. 1999).

Here there was no violation of a federally guaranteed right. First, no violation of Appellant's right against an *unreasonable* search *by the government* occurred as Appellant *voluntarily* disclosed to Kopp, Abrams, and Kelly on *May 5, 2021,* that she possessed a firearm inside FCHS *at that time*. [Depo. Lawson, R. 30-18 PageID#:312; Depo. Abrams, R. 30-13 PageID#:214; Depo. Kelly, R. 30-17 PageID#:286-87; Depo. 30(b)(6), R. 36 PageID#:471; R. 30-9] Second, no such "search" occurred on May 4, 2021, as Appellants were private individuals, not in any government or official capacity, and were not acting under color of state law. [R. 30-1 PageID#:136-43; Depo Lawson, R. 40 PageID#:1111]

Nor was any action of these Appellees the "cause in fact" of Appellant's arrest for possession of a loaded firearm in FCHS, in violation of KRS 527.070, or her subsequent voluntary resignation in lieu of felony prosecution by the Commonwealth's Attorney. [R. 30-1 PageID#:136-43]

a. ***The District Court erred as Appellees were not acting under color of state law***

To succeed on a §1983 claim, it is not enough to allege the violation of a right protected under federal law, Appellant must demonstrate that the harm occurred at the hands of an individual acting *under color of state law*. *Howell v. Father Maloney's Boys' Haven, Inc.*, 976 F.3d 750, 752 (6th Cir. 2020). With regards to a

8

Fourth Amendment claim, "[i]t is State action of a particular character that is prohibited. *Individual invasion of individual rights is not the subject-matter of the [Fourteenth] amendment*. It has a deeper and broader scope." *Civil Rights Cases (U.S. v. Stanley*, *et al),* 109 U.S. 3, 11, 3 S. Ct. 18, 21, 27 L. Ed. 835 (1883) (emphasis added). The Supreme Court reiterated this principle in *Shelley v. Kraemer*, when it stated that "the action inhibited by the first section of the Fourteenth Amendment is only such action as may fairly be said to be that of the States. *That Amendment erects no shield against merely private conduct, however discriminatory or wrongful*." 334 U.S. 1, 13, 68 S. Ct. 836, 842, 92 L. Ed. 1161 (1947) (emphasis added). *See also*, *U.S. v. Lichtenberger*, 786 F.3d 478, 482 (6th Cir. 2015) ("the Fourth Amendment only protects against 'governmental action; it is wholly inapplicable 'to a search or seizure, even an unreasonable one, effected by a private individual…'") (internal citations omitted).

The District Court held that Appellees were state actors purely because they were Board of Education employees and the alleged violation occurred during the school day. [Opinion, R. 95, PageID#: 2018] The Court stated that "[t]heir conduct, even it motivated by private concern, was conduct taken under color or pretense of state law." *Id*. However, there is no finding by the District Court of *what state law* under which they were acting. *Id*. To the contrary, the District Court expressly found that Appellee were under *no authority* by school policy to enter Appellant's office

9

or view her open tote bag. [Opinion, R. 95 PageID#:2020] The Court also agreed with co-Appellee Board of Education that Appellant failed to show that these Appellees, Creely and Franke, were acting pursuant to Board Policy. [Opinion, R. 95 PageID#:2040; BOE Response to Mtn. SJ, R. 51 PageID#:1497-98] The District Court's latter decision was correct: there was no Board Policy or state law being relied upon, and therefore there was no "action pursuant to state law" and the claim should fail as a matter of law. *Id.*

In her Brief, Appellant has not identified any specific Board Policy under which Appellees were acting. She states policies "gave Defendants wide authority and discretion", but cannot point to specifics. [Br., Doc. 17 Page:27] Rather, the testimony of Principal Lewis is that the policies referenced by Appellee are related to *students*, not staff, and that there is no authority for a guidance counselor to search the belongings of another counselor. [R. 36, PageID#: 367-68] He did not authorize the search of Appellee's belongings. [R. 36 PageID#:368] Nor was there a history or "unwritten policy" of such searches at FCHS. [R. 36 PageID#: 427-28, 442-43] The Board of Education agrees. [BOE Response to Mtn. SJ, R. 51 PageID#:1497-98]

Without establishing a clear and direct connection to "state action" or "actions taken under the color of state law", arguments asserting a §1983 violation, or the occurrence of a Fourth Amendment search inevitably fail. *Lindke v. Freed*, 601 U.S.

10

187, 199-200 (2024) ("the presence of state authority must be real, not a mirage").

Under the District Court's determination that no state law or Board Policy was relied

upon to "authorize" the action of Creely and Franke on May 4, 2021, their conduct

was purely private. *Id*. *See, e.g.*, *Lindke v. Freed*, 601 U.S. 187, 194–95 (2024);

*Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928–29 (1982); *U.S. v. Lichtenberger*,

786 F.3d at 482.

Appellant – and the District Court - rely solely on Appellees' status as school

employees. [Br., Doc 17 Page: 25-29; Opinion, R. 95, PageID#:2018-20, 2040] This

is erroneous. A public employee is typically deemed to be acting under the color of

state law when performing duties *within their official capacity or executing*

*responsibilities derived from state authority. West v. Atkins*, 487 U.S. 42, 50 (1988).

The Fourth Amendment, and 42 U.S.C. §1983, both explicitly protect only against

actions attributable to the state, not those of private individuals. *Lindke v. Freed*, 601

U.S. 187 at 194–95. This state-action requirement is firmly established. *Id*. at 195-

96; *see also West v. Atkins*, 487 U.S. at 49; *see also Lugar v. Edmondson Oil Co.*,

457 U.S. at 937.

Acting under color of state law requires that the defendant must have

exercised authority conferred by state law, which is solely enabled by the fact that

the defendant is *provided with such legal authority. See, e.g.*, *Lindke*, 601 U.S. at

198; *West*, 487 U.S. at 49-50. This requires that the act occurs in the "course of

performing an actual or apparent duty of [her] office." *Waters,* 242 F.3d at 359. Neither the District Court, nor Appellant, have identified how Appellees' snooping was "an actual or apparent duty" of their jobs as secretary or student guidance counselor. [R. 53-1; R. 53-2] Appellant has attached Franke's contracts [R. 39-1] and Creely's job description [R. 38-3]. Neither include "supervision of co-workers" or "search of co-worker's belongings." *Id*. Nor, as Appellant argues, do the "other duties as assigned" language or the Board Policies regarding students logically lead to interpretation of such permission. [Br., Doc. 17 Page: 43; *see also* BOE Response to Mtn. SJ, R. 51 PageID#:1497-98]

Appellant's citation of teacher-on-student sexual assault cases are distinguishable from the present facts. *Doe v. Claiborne County*, 103 F.3d 495 (6th Cir. 1996); *Wilson v. Webb*, 2000 U.S.App.LEXIS 23585 (6th Cir. 2000). Unlike *Doe* and *Wilson*, both cases alleged improper action by teachers *acting as teachers in relation to students*; this is vastly different than peer school staff (Creely) or arguably subordinate classified staff (Franke) who owe no legal duties to Appellee. Thus, unlike a teacher sexually molesting a *student*, mere state employment is insufficient here to meet the state actor test. *See Lindke v. Freed*, 601 U.S. 187, 199 (2024).

Like *Lindke*, the question here is "whether a state official engaged in state action or functioned as a private citizen." *Lindke*, 601 U.S. at 196. As the Supreme Court noted, the "bedrock requirement" is that "the conduct allegedly causing the

deprivation of a federal right be fairly attributable to the State." *Id.* at 198 (quoting *Lugar*, 457 U. S., at 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (emphasis added)). "An act is not attributable to a State unless it is traceable to the State's power or authority. Private action—no matter how "official" it looks—lacks the necessary lineage." *Id.* at 198.

Appellant's focus on "state employment", like Lindke's focus on the appearance of officialdom, ignores this essential reality. But Appellees' conduct is not attributable to the State unless they were "possessed of state authority" to search co-workers' belongings. *Lindke*, 601 U.S. at 199 (citing *Griffin v. Maryland*, 378 U.S. 130 (1964)). If the State did not entrust Appellees with these responsibilities, it cannot "fairly be blamed" for the way they discharged them. *Lugar*, 457 U. S., at 936. Appellant imagines that Appellees can conjure the power of the State through their own efforts. Yet the presence of state authority must be real, not a mirage. *Lindke v. Freed*, 601 U.S. at 199. It is not in the expected duties of a classified secretary or a high school guidance counselor to search or police a co-worker's (or "boss's") personal belongings. Thus, it is not within the "actual" duties of their jobs at FCHS. *Waters*, 242 F.3d at 359. [Doc 17 Page: 25] Nor is snooping through Appellant's tote within the "authority" of their job. *Id.*

> To be clear, the "[m]isuse of power, possessed by virtue of state law," constitutes state action. *Classic*, 313 U. S., at 326, 61 S. Ct. 1031, 85 L. Ed. 1368 (emphasis added); *see also, e.g., Screws*, 325 U. S., at 110, 65 S. Ct. 1031, 89 L. Ed. 1495 (plurality opinion) (state action

where "the power which [state officers] were authorized to exercise was misused"). While the state-action doctrine requires that the State have granted an official the type of authority that he used to violate rights—e.g., the power to arrest—it encompasses cases where his "particular action"—e.g., an arrest made with excessive force—violated state or federal law. *Griffin*, 378 U. S., at 135, 84 S. Ct. 1770, 12 L. Ed. 2d 754; *see also Home Telephone & Telegraph Co. v. Los Angeles*, 227 U. S. 278, 287-288, 33 S. Ct. 312, 57 L. Ed. 510 (1913) (the Fourteenth Amendment encompasses "abuse by a state officer ... of the powers possessed"). Every §1983 suit alleges a misuse of power, because no state actor has the authority to deprive someone of a federal right. To misuse power, however, one must possess it in the first place.

Where does the power come from? Section 1983 lists the potential sources: "statute, ordinance, regulation, custom, or usage." Statutes, ordinances, and regulations refer to written law through which a State can authorize an official to speak on its behalf. "Custom" and "usage" encompass "persistent practices of state officials" that are "so permanent and well settled" that they carry "the force of law." *Adickes*, 398 U. S., at 167-168, 90 S. Ct. 1598, 26 L. Ed. 2d 142. So a city manager like Freed would be authorized to speak for the city if written law like an ordinance empowered him to make official announcements. He would also have that authority even in the absence of written law if, for instance, prior city managers have purported to speak on its behalf and have been recognized to have that authority for so long that the manager's power to do so has become "permanent and well settled." *Id.*, at 168, 90 S. Ct. 1598, 26 L. Ed. 2d 142.

*Lindke*, 601 U.S. at 199-200. As noted, no Board Policy, no state statute, no custom of FCHS, and no instruction from Principal or Superintendent gave Appellees the power to search Appellant's belongings. [Depo. 30(b)(6), R. 36 PageID#:367-68, 427-28, 442-43; R. 53-1, PageID#:1497-98]

It is clear that any trespass to Appellant's Neverfull was a purely private action. That it was during school hours or on school property is not determinative of "state action". The Guidance Office, and indeed FCHS, is not a prison locked down

with movement of staff, students, and visitors strictly limited. Nor can students – or adults – be expected to follow perceived "societal norms." [Opinion, R. 95 PageID#:2019] *See Wesley v. Page*, 514 S.W.2d 697, 699 (Ky. 1974).

Personal and private decisions by individuals are seldom equated with state action in a Fourth Amendment analysis. *See, e.g.*, *U.S. v. Lichtenberger*, 786 F.3d 478, 484 (6th Cir. 2015) (that a girlfriend's search of defendant's laptop was performed by a private individual and thus did not violate the Fourth Amendment); *U.S. v. Lambert*, 771 F.2d 83, 89 (6th Cir. 1985) (the defendant's housekeeper voluntarily relinquishing an object belonging to the defendant was a private action and not a Fourth Amendment violation).

Whether a private individual is acting as an agent of the state requires a "highly fact-specific" inquiry. *See U.S. v. Cova*, 585 F. Supp. 1187, 1193 (E.D.Mo. 1984); *Jacobsen*, *supra*); see also *Coolidge v. New Hampshire*, 403 U.S. 443, 487 (1971) ("the test . . . is whether [the private citizen] in light of all the circumstances of the case, must be regarded as having acted as an 'instrument' or agent of the State. . . ."). Here, while they were both employees of the Franklin County Board of Education, neither Creely nor Franke were acting as agents of law enforcement or the Board of Education on May 4, 2021, when they looked in Appellant's tote bag to satisfy their private curiosity. [Depo. Creely, R. 30-15 PageID#:219; Depo. Franke, R. 30-16 PageID#:258; Depo. 30(b)(6), R. 36-12 PageID#:428, 498-99].

15

*Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  Neither Creely nor Franke were Appellant's supervisor[2]. [Depo. Lawson, R. 30-18 PageID#:317-22; Depo. Creely, R. 30-15 PageID#:252-53; Depo. 30(b)(6), R. 36 PageID#:366, 368, 428-29, 498-99, 504]. Neither Creely nor Franke were instructed by the Board of Education or any authority to snoop in Appellant's tote bag. [Depo. 30(b)(6), R. 36 PageID#:368, 428-29]. *Gomez,* 446 U.S. at 640 (1980); *compare*, *Gold v. U.S.*, 378 F.2d 588 (9th Cir. 1967) (government instigation of private searches must be explicit to make the search "governmental").

Typically, when a private citizen searches through someone else's belongings, it does not warrant Fourth Amendment scrutiny. Even laws requiring reporting of firearms on school property, laws requiring reporting of child abuse, or policies to report drug or alcohol issues on school grounds to law enforcement do not create state action. *See, e.g.*, *U.S. v. Jacobsen*, 466 U.S. 109, 115 (1984); *U.S. v. Miller*, 982 F.3d 412 (6th Cir. 2020) ("many laws require certain individuals, such as *teachers* or doctors, to report child abuse… courts have held that reporting mandates do not transform private parties into government actors") (emphasis added). [Br. p. 35, Doc. 17 Page: 44] And, despite Appellant's assertion, the "no tolerance weapons policy" did not include the authority to search co-workers' belongings. [Br. p. 35,

---

[2] *Contra*, *O'Brien v. South Suburban College*, 1994 U.S. Dist. LEXIS 9729, *10 (N.D.Ill. July 14, 1994) (*supervisor* searching a subordinate's purse).

Doc. 17 Page: 44; R. 36, PageID#:367-68, 427-28, 442-43; BOE Response to Mtn. SJ, R. 51 PageID#:1497-98]

Nor were Appellees acting in their employed roles as Guidance Counselor or secretary, nor exercising their responsibilities in those roles pursuant to state law. *See West v. Atkins*, 487 U.S. at 50. Rather, the Record in this matter is that Appellees were motivated for independent private curiosity, not governmental reasons.[3] *See U.S. v. Black*, 860 F.2d 1080 (6th Cir. 1988).

Had Appellees acted for state purposes, they would have reported their observations immediately to their supervisors and/or law enforcement. [Depo. Creely, R. 30-15 PageID#:241; Depo. Reid, R. 30-19 PageID#:329-30, 334] Creely and Franke would not have been disciplined for *failing to report* a firearm in school. [Depo. Creely, R. 30-15 PageID#:251; Depo. Franke, R. 30-16 PageID#:276-277; Depo. Adkins, R. 30-14, PageID#: 216-17; Depo. 30(b)(6), R. 36 PageID#:496-504; Creely discipline notes, R. 30-6; Franke discipline notes, R. 30-7] Nor would Creely

---

[3] *See State v. Thetford*, 745 P.2d 496 (Wash. 1987) (Supreme Court of Washington concerning an independently motivated search by a criminal informant). *See also Hooper v. Sachs*, 618 F.Supp. 963 (D.Md. 1985), in which the court found that the Appellant in a civil suit against the defendant was not a government agent after bringing to law enforcement authorities evidence of medical fraud obtained from civil discovery. Important to this holding was the finding that there was *no direction or encouragement of the informant by the government* to use the civil deposition as a method of collecting evidence in a criminal case.

have had EPSB proceedings brought against her. [Creely discipline notes, R. 30-6; Creely EPSB letter, R. 30-10]

Private personal action done for personal reasons does not equal state action for the purposes of 42 U.S.C. §1983 or the Fourth Amendment. *See Gomez*, *supra*. As such, they were not "state actors acting under color of state law" on May 4, 2021, and the claim under 42 U.S.C. §1983 fails. *Johnson v. Karnes*, 398 F.3d at 873.

### b. *Appellees did not violate a federally protected right*

Appellant alleges that the act of looking into the tote bag is itself a violation of her Fourth Amendment right against unwarranted searches. [*See generally*, Complaint, R. 1] This is incorrect. The Fourth Amendment of the U.S. Constitution is a protection against *state* interference. As noted above, the alleged action here was the action of a private individual or individuals acting as such – as private individuals. As the U.S. Supreme Court has stated:

> The first Clause of the Fourth Amendment provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. . . ." This text protects two types of expectations, one involving "searches," the other "seizures." A "search" occurs when an expectation of privacy that society is prepared to consider reasonable is infringed. A "seizure" of property occurs when there is some meaningful interference with an individual's possessory interests in that property. This Court has also consistently construed this protection as proscribing only governmental action; *it is wholly inapplicable "to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official.*"

*U.S. v. Jacobsen*, 466 U.S. 109, 113-114 (1984) (quoting *Walter v. U.S.*, 447 U.S. 649, 662 (1980)). The issue in *Jacobsen* was the seizure of cocaine without a warrant by police following a report by FedEx employees who had opened a private package. In analyzing the FedEx search and resultant police seizure, the Supreme Court addressed two issues: 1) can a package which has been previously searched privately but closed prior to delivery to the government be re-opened to expose its contents? and 2) can government agents exceed the scope of the private search by conducting an on the-spot field test to detect the presence of controlled substances? The *Jacobsen* Court responded in the affirmative to both questions. The Fourth Amendment was found not to apply to the search by the FedEx employee because of the *Burdeau* rule. *Jacobsen*, 466 U.S. at 119 (citing *Burdeau v. McDowell*, 256 U.S. 465, 475-76 (1921)).   In addition, the opening of the package by a private individual is not a government intrusion, and therefore, lacks one of the two essential elements of a search as defined by *Katz v. U.S.*, 389 U.S. 347 (1967). *Jacobsen*, 466 U.S. at 113-14; *see also Walter v. U.S.*, 447 U.S. at 662.

It is undisputed that neither Appellee is an agent of law enforcement. The Record is consistent that they were *not* authorized by the Board of Education, the Superintendent, their Principal, or any Board Policy to search Appellant's open Neverfull. [R. 36 PageID#:367-68, 427-28, 442-43; BOE Response to Mtn. SJ, R. 51 PageID#:1497-98] Thus, they were private actors. It is only when a private party

19

acts as an "'instrument or agent' of the state in effecting a search or seizure, Fourth Amendment interests are implicated." *Coolidge v. New Hampshire*, 403 U.S. at 487. A search conducted by a private party not acting as an agent for law enforcement officials *does not* implicate the Fourth Amendment. *See U.S. v. Jacobsen*, 466 U.S. 109, 115 (1984); *U.S. v. Black*, 767 F.2d 1334, 1339 (9th Cir.), *cert. denied*, 474 U.S. 1022 (1985).

In determining whether a private party's search falls under the Fourth Amendment, the relevant inquiry is: "(1) whether the government *knew of and acquiesced in* the intrusive conduct; and (2) whether the party performing the search *intended to assist law enforcement efforts* or further his own ends." *U.S. v. Cleaveland*, 38 F.3d 1092, 1093 (9th Cir. 1994) (emphasis added); *U.S. v. Reed*, 15 F.3d 928, 931 (9th Cir. 1994) (quoting *U.S. v. Miller*, 688 F.2d 652, 656 (9th Cir. 1982)); see also *U.S. v. Walther*, 652 F.2d 788, 791-92 (9th Cir. 1981). Here, the Record is uncontroverted: the Board (and by extension law enforcement) did not know of or acquiesce in Appellees' snooping, nor did Appellees intend to assist law enforcement (or the Board) as they did not report it. [Depo. Creely, R. 30-15 PageID#:241, 251; Depo. Franke, R. 30-16 PageID#:276-77; Depo. Adkins, R. 30-14 PageID#:216-17; Depo. 30(b)(6), R. 36 PageID#: 496-97, 499-504; R. 30-6; R. 30-7; Depo. Reid, R. 30-19 PageID#:329-30, 334]

20

Neither Creely nor Franke were state actors when they looked in Appellant's Neverfull tote on May 4, 2021. Their concerns and curiosity which led to the alleged "invasion" were purely private. [Depo. Creely, R. 30-15 PageID#:220-24, 234; Depo. Franke, R. 30-16 PageID#:263] "Whether those invasions were accidental or deliberate and whether they were reasonable or unreasonable, they did not violate the Fourth Amendment because of their private character." *Jacobsen*, 466 U.S. at 115.

### 2. Appellant Carrying the Handgun into Franklin County High School on May 5, 2021, Was the Proximate and Superseding Cause

"Like a tort plaintiff, a §1983 plaintiff must establish both causation in fact and proximate causation." *Marvaso v. Sanchez*, 971 F.3d 599, 606 (6th Cir. 2020) (citing *Lamont v. New Jersey*, 637 F.3d 177, 185 (3d Cir. 2011); *accord, e.g., Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 608 (6th Cir. 2007); *see also Imbler v. Pachtman*, 424 U.S. 409, 418, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976) (explaining that § 1983 "is to be read in harmony with general principles of tort immunities and defenses rather than in derogation of them"). Causation in fact fails as set out above. Appellees argue that proximate cause also fails.

It is undisputed that Appellant removed her bag from FCHS building on Tuesday, May 4, 2021, taking it home with her and returning on Wednesday, May 5, carrying the bag. [Opinion, R. 95 PageID#:2013] This is also shown on school surveillance video. [R. 30-8; R. 30-9] On May 5, 2021, Appellant admitted she

illegally possessed a loaded handgun in FCHS. *Id.* Appellees cannot be liable for the results of Appellant's voluntary admission on May 5, 2021. *Cf. Burdeau v. McDowell*, 256 U.S. 465 (1921).

Nor does Appellant's arguments that "Ms. Lawson occasionally made statements about owning a gun and carrying it with her" render the events of May 5, 2021 "foreseeable." [Br. p. 8, Doc. 17 Page:17] Appellees did not remove any contents of the tote bag and provide them to law enforcement on May 4, 2021. No photographs were taken of the contents of the tote bag on May 4, 2021. It is an undisputed fact that *Appellees did not report* their suspected observations on May 4, 2021, to law enforcement or any supervisor or administrator in the District; indeed they were reprimanded and disciplined for *not* reporting it. [Depo. Creely, R. 30-15 PageID#:251; Depo. Franke, R. 30-16 PageID#:276-71; Depo. Adkins, R. 30-14 PageID#: 216-17; Depo. 30(b)(6), R. 36 PageID#:496-97, 499-504] As they *did not report* their suspicions or observations – correct or not – it was not foreseeable to them that any action against Appellee would result from their snooping.

Further, Appellant's own later actions the afternoon of May 4 and the morning of May 5 break any causal chain between Appellees' snooping and Appellant's felony arrest. [Depo. Lawson, R. 30-18 PageID#:300; R. 30-3]

Whether Appellant's bag contained a firearm in the FCHS guidance suite on *May 4* is unknown[4] as the contents were not independently documented. Appellant was not asked if she had a gun, suspended, or arrested on May 4, 2021. No action was taken against Appellant based on the actions of Appellees on May 4, 2021. Rather, she was suspended and recommended for termination because of her *actual and admitted possession of a firearm* on May 5, 2021. [Depo. Lawson, R. 30-18 PageID#:305-06; Depo. Abrams, R. 30-13 PageID#:213-14; Depo. Kelly, R. 30-17 PageID#:286-87; Depo. 30(b)(6), R. 36 PageID#: 471; R. 30-3; R. 30-9]

Appellant took her Neverfull, *and her handgun*, home with her at the end of the May 4, 2021, school day. [Depo. Lawson, R. 30-18 PageID#:323-24] If she had removed the firearm when at home, there would have been no possession in school on May 5, 2021. If she had *not* had the firearm in her bag on May 4, 2021, then she would have had to *add* the handgun to the tote bag *after* leaving school on May 4 and carried it into school on May 5. Thus, the removal of the Neverfull from FCHS by Appellant on May 4, 2021, and her return with the bag on May 5, 2021 is a "break in the chain" and a superseding and intervening event. *Soper v. Hoben*, 195 F.3d 845, 852 n8 (6th Cir. 1999).

---

[4] Appellant subsequently testified that she did, in fact, carry a loaded firearm into school on May 4 and May 3. [Depo. Lawson, R. 40 PageID#:1026-27]

The Restatement (Third) of Torts states that a "'superseding cause' is an intervening force or act that is deemed sufficient to prevent liability for an actor whose tortious conduct was a factual cause of harm. The 'act' may be tortious or entirely innocent." Restatement (Third) of Torts: Phys. & Emot. Harm § 34 (2010). That is, superseding-cause analysis does not turn on the culpability of the intervening actor. Rather, it turns on what conduct bears the most direct relationship to the harm. *U.S. v. Meany*, 2024 U.S. Dist. LEXIS 150867, *41-42 (WDKY, Aug. 22, 2024). Thus, whether Appellant had a loaded handgun in her tote bag on May 4 – and whether it was seen by Appellees on that date – does not determine whether her decision to carry that bag, containing the loaded firearm she knowingly and intentionally placed in it on May 2, 2021, into FCHS on *May 5* was a superseding cause of her arrest for a felony violation of KRS 527.070. *Id. See e.g.*, *Whitlow v. City of Louisville*, 39 Fed. App'x 297 (6th Cir. 2002) (unpublished).

It was not foreseeable that Appellees' private snooping into Appellant's bag on May 4, 2021, *and not telling anyone what they saw* would lead to her arrest and recommendation for termination. *Powers*, 501 F.3d at 610 ("[E]ven if it is foreseeable that a defendant's conduct will lead to the complained of harm, a defendant may be able to avoid § 1983 liability by pointing to the intervening action of a [third party] as the proximate cause of the plaintiff's injury."). When a defendant puts forth "uncontroverted evidence of a superseding cause that cuts off the

24

otherwise foreseeable chain of causation," the pleadings are insufficient. *Marvaso*, 971 F.3d at 607. And that's what Appellees have done here. Appellant's actions were a superseding cause of her injury, so proximate cause is lacking. *Marvaso*, 971 F.3d at 615.

No action of Appellees' is causally related to Appellant's admission on May 5, 2021, or the subsequent criminal citation and employment actions. *See City of Springfield v. Kibbe*, 480 U.S. 257, 268, 94 L. Ed. 2d 293, 107 S. Ct. 1114 (1987) (the causation requirement of *Monell v. Dept. of Social Services of New York*, 436 U.S. 658, 98 S. Ct. 2018 (1978) is satisfied if the municipality's conduct was the "moving force" in bringing about the constitutional deprivation). As the actions of Appellees on May 4, 2021, were not the "moving force" in her criminal citation and discipline, there can be no civil liability. Nor is any liability attributable to Appellees for any search, to the extent one occurred, by law enforcement on May 5, 2021. *U.S. v. Jacobsen*, 466 U.S. 109, 113-114 (1984) (police may cover the same territory, to the same scope, previously searched by a private party); *see also Walter v. U.S.*, 447 U.S. 649, 662 (1980). As such, the District Court's denial of summary judgment as a matter of law was error and should be reversed.

25

## III.   THE DISTRICT COURT WAS CORRECT IN FINDING THE APPELLEES HAD QUALIFIED IMMUNITY FOR THEIR ACTIONS

Appellees disagree with the District Court's conclusion that they were acting under color of state law. [*See* Section II, *supra*; Opinion, R. 95 PageID#:2026] Without waiving their arguments above, Appellees agree with the Court's conclusion that Appellees are entitled to qualified immunity, and request that the District Court's decision on this point be affirmed. [Opinion, R. 95 PageID#:2031]

Qualified immunity is intended to give government employees sued as individuals "breathing room to make reasonable but mistaken judgments." *Messerschmidt v. Millender*, 565 U.S. 535, 132 S. Ct. 1235, 1244, 182 L. Ed. 2d 47 (2012) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011)); *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982); *see Stoudemire v. Mich. Dep't of Corr.*, 705 F.3d 560, 567 (6th Cir. 2013). To that end, "[t]he doctrine of qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Mullenix v. Luna*, 577 U.S. 7, 136 S. Ct. 305, 308, 193 L. Ed. 2d 255 (2015) (internal quotation marks omitted). Determining whether an employee sued as an individual is entitled to qualified immunity thus involves two inquiries:

> First, a court must decide whether the facts that a plaintiff has alleged (see Fed. Rules Civ. Proc. 12(b)(6), (c)) or shown (see Rules 50, 56) make out a violation of a constitutional right. Second, . . .

26

> the court must decide whether the right at issue was "clearly
> established" at the time of defendant's alleged misconduct.

*Pearson v. Callahan*, 555 U.S. 223, 232, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009)

(internal citations omitted). "These questions may be answered in any order; if either

one is answered in the negative, then qualified immunity protects the official from

civil damages." *Brown v. Chapman,* 814 F.3d 447, 457 (6th Cir. 2016) (citing

*Pearson*, 555 U.S. at 236); *Hearring v. Sliwowski*, 712 F.3d 275, 279-80 (6th Cir.

2013).

Once the qualified immunity defense has been raised, "the burden shifts to the

plaintiff, who must demonstrate both that the official violated a constitutional or

statutory right, and that the right was so clearly established at the time of the alleged

violation 'that every reasonable official would have understood that what he [was]

doing violate[d] that right." *Thomas v. Plummer*, 489 F. App'x 116, 119 (6th Cir.

2012) (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 131 S. Ct. 2074, 2083 (2011)). The

District Court correctly held that it was not clearly established that the Fourth

Amendment applies to co-workers snooping on another for private curiosity and in

the absence of any direction, Board Policy, or law to do so. [Opinion, R. 95

PageID#:2031]

A government employee will be liable for the violation of a constitutional

right only if the right was "'clearly established . . . in light of the specific context of

the case.'" *Binay v. Bettendorf*, 601 F.3d 640, 651 (6th Cir. 2010) (quoting *Scott v.*

*Harris*, 550 U.S. 372, 377 (2007)). A right is clearly established if "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987); *see Grawey v. Drury*, 567 F.3d 302, 313 (6th Cir. 2009) ("The key determination is whether a defendant moving for summary judgment on qualified immunity grounds was on notice that his alleged actions were unconstitutional."). Thus, "there are 'limitations upon the extent to which a court may rely on holdings in contexts other than the one being considered to demonstrate that a principle has been clearly established.'" *Hearring v. Sliwowski*, 712 F.3d at 279-80 (internal citations omitted). In this case, as in *Hearring v. Sliwowski*, "it is plain that a constitutional right [wa]s not clearly established but far from obvious whether in fact there is such a right." *Id*. at 237.

The Fourth Amendment to the Constitution of the United States protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . ." U.S. Const. Amend. IV. "It is well settled that the Fourth Amendment's protection extends beyond the sphere of criminal investigations[]" and applies "as well when the Government acts in its capacity as an employer." *Zimmerman v. Knight*, 421 F. Supp. 3d 514, 519 (S.D.Oh. 2019) (quoting *City of Ontario, Cal. v. Quon*, 560 U.S. 746, 755-56, 130 S. Ct. 2619 (2010)

(citations omitted)). Indeed, the Supreme Court has recognized a "workplace search" exception. *Id*. (citing *O'Connor v. Ortega*, 480 U.S. 709, 107 S. Ct. 1492 (1987)).

The language of the Fourth Amendment, and the "workplace search" exception, make clear that the standard by which searches are judged is reasonableness. *See Cady v. Dombrowski*, 413 U.S. 433, 439, 93 S. Ct. 2523, 37 L. Ed. 2d 706 (1973) ("The ultimate standard set forth in the Fourth Amendment is reasonableness"); *Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 619, 109 S. Ct. 1402, 103 L. Ed. 2d 639 (1989) ("the Fourth Amendment does not proscribe all searches and seizures, but only those that are unreasonable"). Whether a search and seizure is unreasonable within the meaning of the Fourth Amendment depends upon the facts and circumstances of each case; searches of "effects" – including tote bags – that are constantly moveable may make the search a reasonable one. *C.f. Cooper v. California*, 386 U.S. 58, 59, 87 S. Ct. 788, (1967) (citing *Preston v. U.S.*, 376 U.S. 364, 366-67, 84 S. Ct. 881, 11 L. Ed. 2d 777 (1964)).

Appellees did not perceive themselves to be agents of the Board of Education, law enforcement, or any other government agency at the time they looked in Appellant's bag. [Depo. Creely, R. 30-15 PageID#: 234, 237-238; Depo Franke p. 33-34 R. 30-16, PageID#: 270-271] Nor did the Board of Education authorize or direct them to make any search. [Depo. Creely, R. 30-15 PageID#:241, 251; Depo. Franke, R. 30-16 PageID#:276-77; Depo. Adkins, R. 30-14 PageID#:216-17; Depo.

29

30(b)(6), R. 36 PageID#:496-97, 499-504; R. 30-6; R. 30-7; Depo. Reid, R. 30-19 PageID#:329-30, 334; BOE Response to Mtn. SJ, R. 51 PageID#: 1497-98]

Likewise, unlike *O'Conner*, 480 U.S. 709, where the Court alluded to a search of *closed* luggage or a *closed* briefcase, the Neverfull tote bag here was not closed. *See James v. Hampton*, 592 F. App'x 449 (6th Cir. 2015). [Diagram of office, R. 30-4; April 4, 2023, photographs, R. 30-5; May 5 Neverfull photographs, R. 30-11] Appellant's tote bag was visible in the office and was not "secured" in any cabinet or drawer. [Depo. Creely, R. 30-15 PageID#:234, 237-38; Depo. Franke, R. 30-16 PageID#:270-71; Citation, R. 30-3; April 4, 2023 photographs, R. 30-5] There is no expectation of privacy in Appellant's office: the office is in a shared suite, its door is keyed to a master key in possession of multiple FCHS employees ranging from the Principal to the custodial staff, and includes all staff assigned to the guidance suite as well as all administration and school custodial service. [Depo. Lawson, R. 30-18 PageID#:293] While Appellant argues a privacy interest in a *closed* luggage or handbag, the bag in question here was *not* closed, but rather was sitting fully open (as it cannot physically be "closed"). [May 5 Neverfull photographs, R. 30-11; Depo. Creely, R. 30-15 PageID#:237; Depo. Franke, R. 30-16 PageID#:271; Depo. Lawson, R. 30-18 PageID#:295]

Nor were Appellees supervisors of Appellant. *See O'Brien v. South Suburban College*, 1994 U.S. Dist. LEXIS 9729, *10 (N.D.Ill. July 14, 1994) (*supervisor*

searching a subordinate's purse). As the District Court noted, Appellees can be considered (or at least Creely can) "at their greatest level of responsibility, [Appellant's] peers." [Opinion, R. 95 PageID#:2030] As there is no readily apparent precedent governing these facts, the District Court was correct in its holding that the "distinction between the role of supervisor and peer matters in the Court's ultimate determination that Creely and Franke did not violate a clearly established right." [Opinion, R. 95 PageID#:2030] The prior holdings, here and in other Circuits, on factually disparate circumstances, have not "so clearly foreshadowed by applicable *direct* authority so as to leave no doubt" in the minds of these Appellees that their snooping would be held unconstitutional. *Daugherty v. Campbell*, 935 F.2d 780, 784 (6th Cir. 1991).

"Because [Appellant] has failed to prove that her right to be free from a search in this specific context by two collegial peers is clearly established, [Appellees] Creely and Franke are entitled to qualified immunity," and the District Court's decision on this point should be affirmed. [Opinion, R. 95 PageID#:2030]

## CONCLUSION

Appellees, Creely and Franke, respectfully request that for the reasons set forth above, this Court affirm the decision of the District Court that they are entitled to qualified immunity and further to direct the District Court to enter summary judgment on the merits dismissing the claims of Appellant against these Appellees.

31

Respectfully submitted by:

ELIZABETH A. DEENER
LANDRUM & SHOUSE LLP
300 W. Vine Street, Suite 1100
Lexington, Kentucky 40507
Telephone: (859) 255-2424
edeener@landrumshouse.com

By:   **/s/** Elizabeth A. Deener
     Counsel for Appellees

## <u>CERTIFICATE OF COMPLIANCE</u>

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 8,004 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type styles requirements of Fed. R. App. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Font Size 14 and Times New Roman.

ELIZABETH A. DEENER
LANDRUM & SHOUSE LLP
300 W. Vine Street, Suite 1100
Lexington, Kentucky 40507
Telephone: (859) 255-2424
edeener@landrumshouse.com

By:    /s/ Elizabeth A. Deener
Counsel for Appellees

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing corrected brief was this October 4, 2024, electronically filed with the Clerk of the Court by using the CM/ECF system, which will automatically send a notice of electronic filing to counsel of record.

ELIZABETH A. DEENER
LANDRUM & SHOUSE LLP
300 W. Vine Street, Suite 1100
Lexington, Kentucky 40507
Telephone: (859) 255-2424
edeener@landrumshouse.com

By:   /s/ Elizabeth A. Deener
      Counsel for Appellees

## ADDENDUM

## DESIGNATION OF THE RECORD

| Description | Docket Entry | PageID# |
|---|---|---|
| Motion for Summary Judgment | R. 30 | 128-129 |
| Memorandum in Support of Summary Judgment | R. 30-1 | 130-149 |
| Resignation Letter | R. 30-2 | 150 |
| Citation | R. 30-3 | 151 |
| Diagram of Office | R. 30-4 | 152 |
| April 4, 2023 photos | R. 30-5 | 153-160 |
| Creely discipline notes | R. 30-6 | 161 |
| Franke discipline notes | R. 30-7 | 162 |
| May 5, 2021 Video filed conventionally | R. 30-8 | 163 |
| May 5, 2021 Video filed conventionally | R. 30-9 | 164 |
| Creely EPSB letter | R. 30-10 | 165 |
| May 5, 2021 Photographs of Neverfull | R. 30-11 | 166-68 |
| Depo. 30(b)(6) | R. 30-12<br>R. 36 | 169-208<br>350-522 |
| Depo. Abrams | R. 30-13 | 209-214 |
| Depo. Adkins | R. 30-14 | 215-217 |
| Depo. Creely | R. 30-15 | 218-256 |
| Depo. Franke | R. 30-16 | 257-277 |
| Depo. Kelly | R. 30-17 | 278-290 |
| Depo. Lawson | R. 30-18<br>R. 40 | 291-327<br>935-1141 |

| | | |
|---|---|---|
| Depo. Reid | R. 30-19 | 328-341 |
| Response in Opposition to Plaintiff's Partial Motion for Summary Judgement | R. 53 | 1536-1551 |
| Job Description – Guidance Specialist | R. 53-1 | 1552-1553 |
| Job Description – Secretary | R. 53-2 | 1554 |
| Reply in Support of Motion for Summary Judgment | R. 54 | 1556-1571 |
| Memorandum Opinion | R. 95 | 2011-2044 |